The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention to where the Court is now sitting. God save the United States and this Honorable Court. You may be seated. Good morning and welcome to the Fourth Circuit. We're ready to hear argument in our first case, Coreas v. Holder. I hope I pronounced his name correctly. Mr. Riviera. Good morning, Your Honor. Good morning, everyone. Your Honor, in this case, there are constitutional as well as legal issues involved that allow this Court to have jurisdiction over this case. For example, courts have been consistent that predictions of future events constitute legal issues. This Court, just recently, in 2012, in Torgerson v. Holder, found that holding. In that case, the Court cited a case from another jurisdiction, Kaplan v. AG, from the Third Circuit. And what happened in Torgerson was that the immigration judge determined that if the person was to be deported to another country and would face persecution and make that determination, that constituted a legal issue. Well, tell us not about other cases, for starters. It might help us in this case for you to start by telling us what you see the legal issues. Yes, Your Honor. In this case, in my case, the immigration judge determined that both the mother and the sister of the appellant were committed to try to hold the petitioner to deal with his alcoholic problems. And the immigration judge also determined that the appellant has expressed a direct intent to rehabilitate once he would get out from jail. Those are factors, right? Positive factors? And how is that a question of law? Well, it is a question of law because the immigration judge took those factors and determined that because those factors were positive and he will rehabilitate, the judge says that or expressed that it was unlikely that he will engage in crime of violence. For example, getting drunk, getting in a car, and Harrison 1. He also observed that these DWI convictions that he had never turned into a violent event and also he received suspended sentences as a result. However, the Board of Immigration Appeals rejected those fact findings and said that no, we believe that it's a possibility that he will engage. Did the board reject them or did they simply weigh them on their own? Well, they... I thought the board adopted all the factual findings of the immigration judge. They just looked at them and re-weighed them from their own perspective. Well, the way I read the decision, although it looks like they re-weighed, but the process that they went through, to me it looks like a fact finding because they're making a future determination of what could happen in the future. The board says it is a great possibility that he will engage in this violent act like getting in a car and hurting someone. Well, don't they have the right to weigh the factors? The board? Isn't that a discretionary function they have? Well, the board has a discretion to weight factors, yes. They do have a discretion to weight factors, but if they're going to reject the fact findings of the immigration judge, it has to be based on a different standard for a clear error. And in this case, I see that the board did not use that standard. They used a different standard. And I think that is a big factor in this case because they're determining a future event that has not occurred, and courts have been consistent that the person that is listening to the case, which is the immigration judge, is better prepared to make those fact findings. So I believe that because the immigration judge hear witnesses as to how they will prevent that to happen and the judge make that determination, that will be considered a fact finding, which the immigration judge is a different standard to reject that in the process of weighing these factors. Now, you're making an argument also regarding the group supervisor and the notice to appear. Correct. Whose burden is it to show whether a group supervisor is a properly designated official under the CFR, what is it, section 1300.2? 230, yeah. I'm sorry. Yes, there is at least some courts that have said that we have the burden to show there is a presumption that the NTA is a proper document unless there is evidence that it's not a proper document. I think we carry that burden. We burst that bubble of presumption by showing, if you look at the NTA itself, that's the best evidence because the NTA says who signed the document and the title of the document, and the NTA says it was a group supervisor. When you look at the numbers of persons authorized to sign these documents, group supervisor is not one of them. Ben, I guess what's hanging me, what I'm concerned about is that 8 CFR 2.1 says that the Secretary of the Department of Homeland Security can delegate and essentially re-delegate by regulation, directive, memorandum, or other means the authority in the exercise of her discretion. So... Yes, that is correct. My position is once I burst that bubble, that presumption, by showing... You said you went ahead with enough evidence to take the presumption out of play. Correct, because the NTA is the best evidence of who's signing and that person doesn't appear in the... Do we have any case law that talks about the concept of burden shifting in terms of showing this? Well, there is an unpublished opinion from the 11th Circuit, Oshawa-Altiga v. Attorney General 322, APPX 768. We have a case, the Almy v. Sebelius case, that says that there's a presumption of regularity, that we have to assume that the public officials complied with the regulations. And you're saying once they showed a category of employee that was not listed, that you did all you could. Right, then they can, and I had those cases before, before the immigration court, they can find evidence that shows that this person has been authorized to sign this NTA. Yes. Now, the other issue here regards the notice of appeal. The notice of appeal was a one-sentence notice of appeal. The regulations are very clear, and when you read the regulation, it has words that said must. You must do this, you must do that. Doesn't the case law on the notice of appeal say that it's within the discretion of the immigration board to decide whether or not that's adequate? And if they choose to proceed, they exercise their discretion. Well, there are a series of cases that are not quite similar to this case. The cases that I've seen, and that were cited by the other side myself, the cases that I've seen is that the person files a notice of appeal. It appears that the notice of appeal complied with all the elements in the regulation, but some issue has been left out. So at least the board has a proper notice of appeal in file, but an issue has been left out, and the board, the courts have found that they can look at an issue that has not been cited in the notice of appeal, and that has been in various cases, Lizama, Hassan, and others. Now, there is one case that was in 2005, Pasha v. Gonzalez, kind of similar to this case, where in that case, that's a Seventh Circuit case, in that case the petitioner did not clearly state the facts according to the regulations. The board went ahead and made a decision. It was a... They waived the notice requirement, which it appears on the case file they have that right. How are you prejudiced, because you got the briefing from the other side, you knew exactly what the issues were, and you all responded. Well, my position is that I don't see that I would have to be prejudiced, because what I see is that because the regulation itself has the language used as must, you do this, must you do that, that will require the board to apply the regulation, and I think Eleventh Circuit... So your argument would be, and tell me if I'm wrong, that you had a per se right to have the notice of appeal quashed in effect, even though you don't claim any prejudice, the fact that there was a defective notice of appeal in and of itself should quash the appeal. That's correct, Your Honor. And I think one case, Amaya v. Attorney General, that's a per curiam case from the Eleventh Circuit, and it's after Pasha took a different position regarding when the board waived the rules and makes a decision on the case. Now, how did the board dismiss the case? Would they dismiss it based on issuing a decision affirming the case or states in the dismissal that is dismissing the case because it did not comply with the regulations on how to file a notice of appeal? So at least there are two cases that are against each other here. One is from the Eleventh Circuit and one is from the Seventh Circuit that said two different things. And the other cases that we have involved notice of appeals that have been properly filed but an issue that was not cited were taken by the board and decided, and the courts have said that is fine. So the case I have is just a plain notice of appeal that did not comply with the regulations. Now, there is another issue. When the board decided this case, we believe that at least the board did not take into consideration one factor that was petitioner's involvement in the community. And that factor, the judge have talked about it in his decision. He made some findings. He found that that was a favorable factor and he determined also that factors as contributing to the fact that he would not engage in future violence. The board did not take that factor into consideration. It's nowhere in this decision that that was considered. And we think that because of that, the board immigration appeals did not look at all the factors and consider it. That's the end of my argument. You've got some time in rebuttal. Thank you. We'll look forward to hearing from you at that time. Mr. Joseph, we'll be glad to hear argument from you. Thank you. Good morning, Your Honor. My name is Bernard Joseph. I represent the Attorney General of the United States. In this case, the petitioner asked the court to overturn a final order of the Board of Immigration Appeals denying as a matter of discretion his application for cancellation of removal. The court should dismiss the petition for review of this claim because under 8 U.S.C. 1252A2BI, it's entitled Denial of Discretionary Relief. States no court shall have the jurisdiction to review any judgment regarding the granting of relief under section 1229B, which is the section that deals with cancellation of removal. In this case, upon de novo review, the board, after weighing both positive and negative equities in the case, reversed the immigration judge and found that the petitioner did not merit cancellation of removal as a matter of discretion. Generally, courts lack jurisdiction to review any of these types of findings unless the petitioner can show that there's a constitutional issue or there's a question of law, which the petitioner cannot do in this case. The petitioner is attempting by saying he's raising a question of law that the board ignored the positive factors and relied simply on the negative factors to make an end run around the jurisdictional bar. However, it's clear from a cursory reading of the board's review that it did consider the positive factors as well as the negative factors and just determined in the exercise of its discretion that the negative factors outweighed the positive factors and therefore denied the petitioner's application for cancellation of removal. How about the notice of appeal and notice to appear issues?  The government contends that the notice of appeal and the notice to appear are legal issues that this court does have the jurisdiction to hear, and the Fourth Circuit, I believe, has precedent on that. However, the petitioner's arguments on those matters are without merit. Well, who is a group supervisor? What is a group supervisor? And so how do we know that there was proper delegation in this case? Well, in this case, well, first, there's a presumption of regularity. He's saying he meant that by showing that the group supervisor was not a category of individual listed in the CFR. The government would disagree. Well, first, tell me who a group supervisor is. What is that? I do not know exactly what a group supervisor is. But under the regulations, there are 41 different types of officers who have the authority to issue a notice of appearance, including field operations supervisors, special operations supervisors, supervisory border patrol agents, supervisory district adjudication officers, supervisory asylum officers, supervisory special agents. Does it use the term group supervisor, though, in that list of 41? It does not. However, there is a catch-all provision, as Judge Keenum pointed out, that the Secretary of Homeland Security may, in her discretion, delegate any authority to any official officer or employee of the Department of Homeland Security. It's the petitioner's burden in this case to try and overcome the presumption of regularity, and the government contends that burden is very high. But he's saying that he showed that the person who signed the NTA wasn't on the list in that category, and so he did meet his burden of going forward on the presumption of regularity, and that sometime it kicks in upon the government to show, yeah, this was valid. Because really, and I think what's underlying his position is that the government's in the position to say who this person is, to say what this person's role was. He's just a person who's desperately fighting to stay in this country. How is he going to prove who this group supervisor was? That's the burden that's been placed on him by poor precedent. But in any event, he would also have to show that there's some form of prejudice. Yeah, but nobody in this whole room apparently knows who a group supervisor is, what that category is. We're going to affirm his removal? It gives me a little bit of discomfort. And the government would contend that he still would have to show some sort of prejudice, even if the NTA were invalid. In fact, the case that he cites in support of his argument concerning the NTA, which is Ochoa Ortega versus the Attorney General, which is an unreported Eleventh Circuit case, it held that even if the NTA was invalid, the petitioner was not prejudiced because the decision to deny cancellation was a discretionary decision not subject to judicial review, and he didn't show that somehow he was prejudiced by this. You know, you're just relying on the language of that catch-all provision, but how does one know that he or she has been designated by the Secretary of the Department of Homeland Security? Is there some written authorization, some directive, some memorandum? Wouldn't it have been easy enough to just show that at the hearing? Because you wouldn't have to prove to the groups that are listed in the statute that here's your catch-all, and it says the way the delegation may be made is either by regulation, directive, memorandum, or other means that's inappropriate. What was it? I do not know how that person was delegated. I would contend that the presumption of regularity assumes that government officials are doing their jobs and that in any event the petitioner acknowledged service of the NTA, admitted the factual allegations in the NTA, conceded removability is charged in the NTA, and without us showing a prejudice, it's really of no moment whether the NTA was valid or invalid in this case. Do you remember from the record when, at what point, the alien, Mr. Prius, when did he object to the NTA as being inadequate? I do not recall exactly from the record when he would have objected. I'll have to ask the opposing counsel about that, but you don't know whether he objected at the immigration court or did he wait until it went to the board? I'm not sure exactly when he objected to it. I'll ask him. I do know that in his brief he acknowledged he received the NTA, he conceded the factual allegations in the NTA, and he conceded that he was removable is charged in the NTA. In his opening brief, there was no allegation of prejudice. As I said, in the case he relied on, the Ochea Ortega case, it specifically held that even if the NTA was invalid, that it was of no moment because there was no showing of prejudice and that the decision of the agency that he was contesting was a discretionary issue. There was no showing that somehow he was prevented from knowing what the claim against him was, what the issues involved in the case were, and he had adequate opportunity to respond to those. How about the notice of appeal? The board has discretionary authority to summarily dismiss a case or to go ahead and hear the case. Under the regulations, it specifically says that the board may dismiss your appeal. If it cannot tell from this notice of appeal or any statements attached to the notice of appeal why you were appealing, because it's a discretionary determination, they would have to show that somehow the board acted arbitrarily, capriciously, or contraventionally. In this case, Mr. Correas had an opportunity to file an appellate brief with the board. DHS filed an appellate brief, and Mr. Correas also filed a reply brief, and the board issued a decision. The board determined in its exercise of discretion as it can that it had adequate notice of what the issues were on appeal and decided to hear the case. I believe that this court's decision in Lozama v. Holder, the court noted that even though the petitioner presented a cap claim cursory in the notice to appeal, that it was sufficient to afford the board an opportunity to exercise its expertise in considering the claims. Also, I think it's important and instructive that Lynn v. the Attorney General, which is a Third Circuit case, the board waived compliance with the specificity requirement by choosing to address the matter on appeal. Also, Pasha v. Gonzalez, which is a Seventh Circuit case, stated the board could have summarily dismissed an appeal for failure to raise an issue with specificity, but instead affirmed it on the merits. Even if the notice of appeal were deficient in this case, it's clear that the board felt that it had enough specificity to continue to hear the case and also that the petitioner had enough specificity to file two briefs in the case, one prior to DHS's brief and then one in reply to DHS's brief. Also, the case cited by the petitioner, which is Rojas v. Garcia v. Ashcroft, in support of his argument, was a summary dismissal case. In that case, there was a lack of specificity in the notice of appeal, but also the petitioner did not file a brief to the board. In our case, DHS checked the box saying they would file a brief, and they did file a brief. The Ninth Circuit said that there are two ways you can satisfy this specificity requirement. You can either state it with sufficient particularity in the notice of appeal, or you can do so on brief. We would contend that DHS did file a brief that set forth the issues and that Mr. Kurias had an opportunity to respond. What else you got for us? Well, in conclusion, the government contends that the court lacks jurisdiction to review the cancellation of removal claim because the board, after weighing positive and negative factors, determined that in the exercise of discretion, it would deny Mr. Kurias' cancellation of removal application. The government would also submit that the NTA was valid, but even if it was invalid, there needs to be a showing of prejudice in this case, and that the board acted well within its broad discretion in deciding to hear the case. It received briefing from both sides and issued a decision. Thank you. Thank you very much. Mr. Rivera, you have some time left in rebuttal. Can you tell us when and where you raised the notice to appear issue? Excuse me? The notice to appear issue. Where did that come up? Yes, Your Honor, on the administrative record, page 124, that was a hearing on August 24, 2011. That was a master calendar hearing. And this is before the immigration judge? Before the immigration judge, yes. I said we also challenged the NTA. We thought it was defective because the person signing the NTA was a supervisor. That's what I said. I was referring to a group supervisor. And that's not recognized by the regulations. It's not recognized. But we reserve everything for appeal on that matter. We believe also that that is a due process issue as far as the notice of appeal to be a due process issue. So I did raise it before the immigration judge in a master calendar hearing. Was that all of the argument with regard to that issue? Was there ever any argument or evidence that you put on with regard to prejudice? Yes, Your Honor. And the judge says I do not think I was overwhelmed by that argument. Probably underwhelmed. However, so then the judge said I believe I do not have to show prejudice. But prejudice by itself is there because my client was detained and he had an adverse finding by the board. That's how I find prejudice in this case. So that's my answer to the question. Okay. Yeah, in regards to the notice to appear, I believe that also a due process issue of a fair hearing because involved the process of appealing. And I think the regulations are there that said you must do this, you must do that. And those are words related to if you don't do it, it should be the case dismissed. It doesn't allow the board any discretion to waive that regulation. The regulation itself doesn't say that the board has discretion or may dismiss the appeal. I noticed that the only people that used the word may dismiss the appeal are the people that drafted the instructions on the form that said that the board may dismiss the appeal. But that may is not in the regulation. And therefore, for that reason, I believe that the regulations did not allow any discretion to the board to waive those rules. That's it. Okay. Do you have anything else for us? Nothing else, Your Honor. All right. Thank you very much. We'll come down and brief counsel and then we'll move on to our next case. Thank you.
judges: G. Steven Agee, Barbara Milano Keenan, Henry F. Floyd